**Davis Miles McGuire Gardner**

40 E. Rio Salado Pkwy., Suite 425
Tempe, AZ 85281
Telephone: (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com

Pernell W. McGuire – SBN 015909
Aubrey L. Thomas – SBN 029446
*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>OPT CO, an Arizona corporation, *et al.,*<br><br>Debtors.<br><br>---<br><br>This filing applies to:<br><br>☒ Consolidated Debtors<br>    Opt Co<br>    4K Builders, Inc.<br>    4K Properties, Ltd.<br>    BLU Enterprises, Inc.<br>    Vintage Millworks, Inc.<br>    Southwest Renewable Resources, LLC<br>    Opt Co Residential Painting, LLC<br>    Arizona Steel Finishing, LLC | In Chapter 11 Proceedings<br><br>Case No. 4:17-bk-06091-BMW<br><br>Substantively Consolidated:<br><br>    Case No. 4:17-bk-06092-BMW<br>    Case No. 4:17-bk-06093-BMW<br>    Case No. 4:17-bk-06094-BMW<br>    Case No. 4:17-bk-06095-BMW<br>    Case No. 2:17-bk-06096-BMW<br>    Case No. 4:17-bk-06097-BMW<br>    Case No. 2:17-bk-06100-BMW<br><br>**POST-PLAN CONFIRMATION, FOURTH, AND FINAL FEE APPLICATION FOR CONFIRMATION OF PAYMENT OF ATTORNEYS' FEES AND COSTS** |

The Consolidated Debtors as designated in the caption above, pursuant to 11 U.S.C. §331 and Rule 2016, Federal Rules of Bankruptcy Procedure, hereby submit this *Post-Plan-*

1

*Confirmation, Fourth, and Final Fee Application for Confirmation of Payment of Attorneys' Fees And Costs* (the "Application"). Pursuant to the Application, Davis Miles McGuire Gardner, PLLC (the "Firm") requests compensation on account of work performed for the Consolidated Debtors of $13,242.50 in attorneys' fees, plus $789.33 in out-of-pocket costs, incurred in its representation of the Consolidated Debtors for the time period of November 1, 2018 through August 20, 2019 (the "Application Period"). The Debtor's plan was confirmed on October 26 2018 (docket no. 422), and the *Third and Final Application for Payment of Attorneys' Fees And Costs*, which was intended to be the final fee application, approving all fees and costs, was approved by Order of Judge Whinery on December 28, 2018 (docket no. 450). However, since then Joseph L. Cook has resigned as manager of the Debtor-In-Possession and has been replaced by David M.Reaves. In an abundance of caution and to continue complete transparency, although not normally required, David M. Reaves suggested the Firm submit this Application for Court approval of all fees and costs incurred by the Consolidated Debtors post-confirmation. However, going forward, in agreement with David M. Reaves, and with his approval of all future fees to be paid, the Firm hereby requests approval by the Court to continue representation with no requirement for submission of additional fee applications to the Court.

In support of this Application, the Firm has attached hereto and incorporated herein as **Exhibit "A"** the Summary Sheet as required by the Guidelines. The Firm also submits all of its billing statements for the Consolidated Debtors during the Application Period,

2

attached hereto as **Exhibit "B"** and incorporated herein by reference. Lastly, the Firm submits a spreadsheet that details all fees by professionals attached hereto as **Exhibit "C"** and incorporated herein by reference. In support hereof, the Firm respectfully represents as follows:

**I.     NARRATION**

    **A.     Background**

1. On May 31, 2017, the now-Consolidated Debtors and then-Debtor Arizona Natural Resources Products, LLC ("ANRP") (altogether "Debtors") filed nine separate voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. Debtors filed separate applications for employment of the Firm on June 1, 2017. The Court entered an order approving the employment of the Firm in all of cases on June 2, 2017.

3. On June 1, 2017, Debtors filed a motion to allow for the joint administration of their cases. An order granting the request for joint administration was signed by the Court on June 5, 2017.

4. On July 31, 2017, Debtors moved for substantive consolidation of their cases. On October 27, 2017, the Court entered an order partially granting that request. The cases of Debtors Opt Co., OptCo. Residential Painting, LLC, Southwest Renewable Resources, LLC, 4K Properties, LTD, 4K Builders, Inc., Vintage Millworks, Inc., BLU Enterprises, Inc., and Arizona Steel Finishing, LLC, were substantively consolidated ("Consolidated Debtors").

3

The case of Debtor Arizona Natural Resources Products, LLC ("ANRP"), was not substantively consolidated and had been jointly administered with the Consolidated Debtors until the case for ANRP was dismissed as mentioned hereafter.

5. This is the Firm's fourth fee application for compensation.

6. All services and expenses for which compensation and/or reimbursement is sought now were expended on behalf of the Consolidated Debtors.

7. The requested compensation and reimbursement is sought pursuant to 11 U.S.C. §§ 330 and 331 and the Guidelines of the Office of the United States Trustee for the District of Arizona.

8. The Firm agreed to handle this matter on an hourly basis based on standard hourly rates in effect at the time the services are rendered in accord with its fee agreement.

9. Debtor Opt Co. made a payment of $85,000.00 to the Firm prior to filing as an initial retainer. The Firm received a prepetition disbursement of $28,005.50 for payment of prepetition fees and costs (which includes all nine filing fees totaling $15,453.00) for all Debtors.

10. On November 2, 2017, the Firm filed its First Interim Application for Approval of Attorneys Fees and Costs (docket no. 207), requesting compensation on account of work performed for the Consolidated Debtors of $77,440.50 in attorneys' fees, plus $1,028.62 in out of pocket costs, and compensation on account of work performed for jointly administered Debtor ANRP of $3,121.50 in attorneys' fees, plus $96.32 in out of pocket

4

costs, incurred in its representation of both for the time period of June 1, 2017 through October 25, 2017 (the "First Application"). The Court approved by the First Application on December 6, 2018 (docket no. 244).

11. Based on the Court's approval of the First Application, the Firm applied $56,994.50 from funds that were held in its trust account to the balance owed by the Consolidated Debtors. Additionally, the Consolidated Debtors paid the firm another $21,674.62, of which the Firm applied $21,474.62 to the balance due.

12. On May 21, 2018, the Firm filed its Second Interim Application for Approval of Attorneys Fees and costs (docket no. 333), requesting compensation on account of work performed for the Consolidated Debtors of $36,714.20 in attorneys' fees, plus $1,701.42 in out of pocket costs, and compensation on account of work performed for jointly administered Debtor ANRP of $4,772.50 in attorneys' fees, plus $250.00 in out of pocket costs, incurred in its representation of Debtors for the time period of October 30, 2017 through May 10, 2018 (the "Second Application"). The Court approved the Second Application by Court Order on June 15, 2018 (docket no. 356).

13. Based on the Court's approval of the Second Application, the Consolidated Debtors and Debtor ANRP each paid the approved amounts of fees and costs.

14. On December 3, 2018, the Firm filed its Third Fee Application for Approval of Attorneys Fees and costs (docket no. 432), requesting compensation on account of work performed for the Consolidated Debtors of $23,091.00 in attorneys' fees, plus $985.25 in out

5

of pocket costs, and compensation on account of work performed for jointly administered Debtor ANRP of $2,893.00 in attorneys' fees (and no out of pocket costs) incurred in its representation of Debtors for the time period of May 15, 2018 through October 31, 2018 (the "Third Application"). The Court approved the Third Application by Court Order on December 28, 2018 (docket no. 450).

15. Based on the Court's approval of the Third Application, the Consolidated Debtors and Debtor ANRP each paid the approved amounts of fees and costs.

16. On November 11, 2018 ANRP filed a motion for voluntary dismissal (docket no. 428) and on December 19, 2018, Judge Whinery approved by Order the voluntary dismissal of ANRP's case with no impact on the case of the Consolidated Debtors (docket no. 49).

17. On May 21, 2019, Joseph L. Cook resigned as Debtor-in-Possession.

18. On May 29, 2019, David Reaves was appointed as manager of the Consolidated Debtors as approved by order of Judge Whinery (docket no. 465).

19. The Firm currently holds no funds in its trust account on behalf of the Consolidated Debtors because all trust funds for the Consolidated Debtors were transferred to David Reaves as the manager of the post-confirmation assets of the Consolidated Debtors.

20. The Firm currently has no arrangement with any entity other than the Consolidated Debtors to pay the Firm for the services rendered and the expenses expended on

6

behalf of Consolidated Debtors. The Firm has not received any funds from any entity other than Debtors (including ANRP) for the services it has rendered on behalf of the estate.

21. The names of the Firm's attorneys and paralegals that have rendered the services for which compensation is requested and the hourly rate charged by each are as follows:

| Provider | Hourly Rate |
| --- | --- |
| Pernell W. McGuire (partner) | $425 |
| Aubrey L. Thomas (associate) | $295 ($265 in 2018) |
| Cory T. Torgesen (associate) | $220 |
| Joan Stoner (paralegal) | $125 |

22. The rates charged by the above-named attorneys and paralegals in this matter are the standard rates that the Firm charges non-bankruptcy clients.

23. The fees requested are for services actually rendered and the expenses for which reimbursement is requested have actually been expended in connection with Consolidated Debtors' Chapter 11 cases. The Firm's records pertaining to them are true and accurate.

24. Pursuant to 11 U.S.C. § 503(b), the Firm is entitled to payment from the estate because the Firm's services and expenditures have been reasonable and necessary to preserve the property of the estate and have been for the benefit of the estate. Counsel has been necessary for the Consolidated Debtors to protect their assets and pursue reorganization. Consolidated Debtors and their counsel have been diligent in their efforts to preserve the estate and to protect the interests of creditors. Such efforts have included, without limitation, the following:

7

a. Directions and assistance to Consolidated Debtors regarding the preparation and filing of amended petition, and consolidated schedules, statements, and related documents;

b. Provide legal advice to the client as to the rights, duties and powers of the client as a debtor in possession in a Chapter 11 case, and as to other matters arising in or related to the Chapter 11 case;

c. Review and analysis of and consultation with Consolidated Debtors and litigation and negotiation regarding stay relief issues;

d. Review and analysis of and consultation with Consolidated Debtors and litigation and negotiation regarding adequate protection issues;

e. Review and analysis of and consultation with Consolidated Debtors and negotiation regarding the Consolidated Debtors' use of cash collateral;

f. Consultation with Consolidated Debtors regarding disposition of assets;

g. Review and analysis, along with consultation with Consolidated Debtors regarding joint administration of their cases and litigation regarding substantive consolidation;

h. Consultation with Consolidated Debtors regarding preparation of employment applications and regarding employment orders;

i. Preparation and obtaining approval of the Consolidated Debtors' plan and disclosure statement;

8

k. Preparation of the First Application, the Second Application, and Third Application, and this Post-Confirmation Fourth Application;

l. Assisting the Consolidated Debtors in consummating the confirmed plan by facilitating distributions to creditors; and

m. Pursuing certain claims under sections 547 and 548 of the Bankruptcy Code on behalf of the Consolidated Debtors.

25. The Firm submits this Application as its request for payment and as proof of its administrative claim for legal services and expenses advanced in this matter as an administrative expense of the bankruptcy estates. Such post-confirmation compensation was disclosed in the confirmed Plan and Disclosure Statement. Thus, approval of the exact amount incurred is sought only out of an abundance of caution and for transparency as to the use of estate funds.

26. The Firm, through counsel undersigned, states that Consolidated Debtors have received and reviewed this Fee Application and have no objection to same.

**B.** <u>**Case Status**</u>

To the best of the Firm's knowledge, the financial condition and status of the case is as follows:

<u>Plan of Reorganization</u>: The Court entered an Order on October 26, 2018, confirming the Consolidated Debtors' liquidating plan. The Consolidated Debtors are performing under the Plan and are not in default and Debtor ANRP's voluntary dismissal was approved by order.

9

Financial Condition of Debtor: None of the Consolidated Debtors are operating. The only expenses that the Consolidated Debtors incur are related to the management of their bankruptcy estates and performance under the Consolidated Debtors' plan. Those expenses are being paid in the ordinary course. There are accrued and unpaid professional fees owing to the Firm as reflected in this Application. There are sufficient funds on hand with the Consolidated Debtors to pay the administrative claim detailed in this Application.

**C.    Summary of Legal Services Performed by Project for the Consolidated Debtors**

The Firm has attempted to prepare this Application in strict compliance with the UST Guidelines, reflecting a categorization of specific tasks. Since Debtor ANRP's case has since been dismissed, attached hereto as Exhibit A is a spreadsheet that details the work performed for the Consolidated Debtors only, and Exhibit C details the fees incurred by all Consolidated Debtors and shows those fees sorted by professional and task. During this Application Period, the Firm performed services for the Consolidated Debtors; the actual hours expended, services performed, rates charged, and fees incurred are detailed in Exhibits "A" and "C" attached hereto. A narrative summary by category is as follows:

1.    Case Administration

The Firm performed numerous miscellaneous activities relating to the administration of this bankruptcy estate. Such activities included, without limitation, correspondence and telephone conversations with creditors regarding the status of the bankruptcy case, receiving

10

and reviewing pleadings and other bankruptcy-related documents, and preparing and filing miscellaneous pleadings on behalf of the Consolidated Debtors. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| Pernell W. McGuire | $425 x 0.9 hours = | $ 382.50 |
| Aubrey L. Thomas ('18) | $265 x 0.4 hours = | $ 106.00 |
| Aubrey L. Thomas ('19) | $295 x 3.7 hours = | $ 1091.50 |
| Joan Stoner | $125 x 8.5 hours = | $ 1062.50 |

2. <u>Meetings and Communications</u>

The Firm's efforts in this category consisted of communications with the client and with the Chapter 11 Trustee regarding, among other things, administration of the case and settlement offers. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| Aubrey L. Thomas | $295 x 1.9 hours = | $ 560.50 |

3. <u>Employment/Fee Applications</u>

The Firm's efforts in this category consisted of the preparation and filing of the Third Fee Application and beginning preparation of the Fourth Fee Application. The following represents the total time expended by the Firm in this area:

| | | |
|---|---|---|
| Aubrey L. Thomas ('18) | $265 x 4.8 hours = | $1,272.00 |
| Cory T. Torgesen ('19) | $220 x 2 hours = | $ 440.00 |

4. <u>Other Disputed Matters: Prelitigation Preference Analysis and Negotiations</u>

The Firm's efforts in this category consisted of reviewing certain preference and fraudulent transfer claims, drafting initial demand letters, and negotiating potential settlements

11

of the alleged preference claims. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| Pernell W. McGuire | $425 x 1.2 hours = | $ 510.00 |
| Aubrey L. Thomas | $295 x 22 hours = | $ 6,238.00 |

5. <u>Operations</u>

The Firm's efforts in this category consisted of reviewing the operations report. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| Aubrey L. Thomas | $295 x 0.2 hours = | $ 53.00 |

6. <u>Tax Issues</u>

The Firm's efforts in this category consisted of communications with the IRS regarding its unsecured claims. The total time expended by the Firm in connection with this subject area is as follows:

| | | |
|---|---|---|
| Aubrey L. Thomas | $295 x 2.5 hours = | $ 686.50 |

7. <u>Claims and Plan Treatment</u>

During the Application Period the Firm filed a proof of claim for the bankruptcy estate against Yang Kauffman. The total time expended by the Firm in connection with these activities is as follows:

| | | |
|---|---|---|
| Aubrey L. Thomas | $295 x 0.8 hours = | $ 212.00 |

8. <u>Claims Administration</u>

12

The Firm's efforts in this category consisted of objecting to and communicating with creditors regarding proofs of claim. The total time expended by the Firm in connection with these activities is as follows:

    Aubrey L. Thomas    $295 x 2 hours =      $ 575.00

9. <u>Bankruptcy Related Advice</u>

The Firm's efforts in this category consisted of communicating with the Debtor-in-Possession about administering the bankruptcy estate. The total time expended by the Firm in this area is as follows:

    Aubrey L. Thomas    $295 x 0.2 hours =      $ 53.00

**D.**     **Summary of Costs for the Consolidated Debtors**

The Firm is also seeking reimbursement for out-of-pocket postage expenses for the Consolidated Debtors incurred during the Application Period as follows:

| | |
|---|---|
| Filing Fees | $356.70 |
| Travel | $ 58.12 |
| Research | $ 26.49 |
| Wire Fees | $ 35.00 |
| Postage | <u>$313.02</u> |
| | **$789.33** |

**E.**     **Evaluation Standards**

During the Application Period, the Firm spent 51.1 hours in its representation of the Consolidated Debtors. Based on the Firm's standard hourly rates in effect at the time these services were rendered, the Firm's total fees for the Consolidated Debtors were $13,242.50. This reflects an average hourly billing rate of $259.15.

13

The results obtained by the Firm for the Consolidated Debtors during the Application Period illustrate that the Firm:

1. Used the skill required to perform the necessary legal services properly;

2. Provided services necessary to the administration of the case; and

3. Performed the services within a reasonable amount of time commensurate with the complexity, importance and nature of each task.

As all of the fees detailed in this Application were incurred post-confirmation, the Firm was paid in the ordinary course as statements came due. The Firm, therefore, seeks approval of any funds already paid to the Firm during the Application Period and for any remaining balance due to be paid upon Court approval. To that end, to date, of the total of $14,031.83 requested on this Application, only $1,271.50 remains owing.

## II. CONCLUSION

Based on the foregoing, the Firm respectfully requests this Court enter an Order approving:

A. Final compensation for professional services rendered during the Application Period by the Firm as the Consolidated Debtors' Chapter 11 counsel in the amount of $13,242.50;

B. Reimbursement of costs incurred on behalf of the Consolidated Debtors during the Application Period in the amount of $789.33;

C. Payment of the requested attorneys' fees and costs set forth in A and B above from the funds held by the Chapter 11 Trustee, if any, for the Consolidated Debtors or such other amounts as the Consolidated Debtors shall pay;

D. That all fees going forward, with approval from David M. Reaves, as the authorized representative of the Debtor, be paid by the Debtor without the need to submit a Fee Application to this Court; and

E. For such further relief as is just.

RESPECTFULLY SUBMITTED this 17th day of September, 2019.

**DAVIS MILES MCGUIRE GARDNER, PLLC**

*/s/ Aubrey L. Thomas*
Pernell W. McGuire
Aubrey L. Thomas
*Attorney for Debtor*

I certify that on September 17th, 2019, I electronically filed the foregoing **POST-PLAN-CONFIRMATION AND FOURTH FEE APPLICATION FOR CONFIRMATION OF PAYMENT OF ATTORNEYS' FEES AND COSTS** with the Clerk of the Court for the United States Bankruptcy Court by using the CM/ECF system.

I further certify that parties of record in this case who either are registered CM/ECF users, or who have registered for electronic notice, or who have consented in writing to electronic service, will be served through the CM/ECF system.

I further certify that some of the parties of record in this case have not consented to electronic service. I have caused a copy of the foregoing document to be placed in the U.S. Mail, First Class, postage-prepaid to:

    Brookville Advisory, LLC
    124 Grove Avenue, Suite 339
    Cedarhurst, NY 11516-2328

By:    */s/ Joan Stoner*
       Joan Stoner

16